UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrice Sawyers, | ) | C/A No. 5:16-cv-00458-TMC-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| K. Rogers,[1] | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, brought this action seeking habeas relief pursuant to 28 U.S.C. § 2241 challenging an administrative disciplinary action. On June 15, 2016, Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion"). ECF No. 24. Because Petitioner is proceeding pro se, on June 17, 2016, the court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising him of the importance of a motion to dismiss and a motion for summary judgment and of the need for him to file an adequate response. ECF No. 25. Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending this case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Petitioner has failed to respond to the Motion. The court served a second Order on August 3, 2016, directing Petitioner

---

[1] At the time this case was filed, the Warden at FCI-Edgefield was L. R. Thomas. This is the name that Petitioner provided in the caption of his Petition for the Respondent. ECF No. 1. In the Memorandum in Support of the Motion to Dismiss or in the Alternative for Summary Judgment submitted in this case, ECF No. 24, Respondent indicates that Thomas is no longer the Warden and that the current Warden at FCI-Edgefield is K. Rogers. Respondent requests that K. Rogers be substituted as the proper Respondent. *Id*. at 2. Petitioner has not objected, and Respondent's request is granted as indicated in the caption of this Report and Recommendation.

to file a response to the Motion on or before September 6, 2016. ECF No. 28. The court has received no communication from Petitioner.

Because Petitioner filed no response whatsoever to either of the court's orders regarding the pending Motion, it appears that he does not oppose Respondent's Motion and wishes to abandon his action. Therefore, the undersigned recommends that Petitioner's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Under *Davis*, a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions. *Davis*, 588 F.2d at 70; *see Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same)). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

September 12, 2016                                        Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).